# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| PAUL HARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:13-cv-00922-WKW-SRW |
| ) | |
| ROBERT BENTLEY, in his official ) | |
| Capacity as Governor of the State of ) | |
| Alabama, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF GOVERNOR ROBERT BENTLEY AND ATTORNEY GENERAL LUTHER STRANGE

Defendants Robert Bentley, in his official capacity as Governor of the State of Alabama, and Luther Strange, in his official capacity as Attorney General of the State of Alabama (collectively, "the State Defendants"), for their answer to the Plaintiff's Complaint, state as follows:

### Answer to Numbered Paragraphs

1. The State Defendants admit that Plaintiff seeks declarative and injunctive relief, but deny that he is entitled to the relief sought.

2. The State Defendants admit that Plaintiff lives in Montgomery, Alabama. The State Defendants deny that Plaintiff is legally a "widower" under Alabama law.

3. The State Defendants admit that Charles David Fancher was killed in a traffic accident as alleged. The State Defendants deny that Fancher was legally the "husband" of the Plaintiff under Alabama law.

4. Denied.

5. Admitted.

6. Admitted.

7. The State Defendants admit that Alabama Law provides that Plaintiff is not a "surviving spouse."

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. The State Defendants admit that Plaintiff seeks the relief designated, but deny that he is entitled to such relief.

13. The State Defendants do not contest subject-matter jurisdiction, except to the extent that Plaintiff's Complaint raises a non-justiciable political question, and except to the extent that Plaintiff's claims are not ripe.

14. The State Defendants do not contest venue.

15. Admitted.

16. Admitted

17. The State Defendants admit that the Attorney General is the chief legal officer of the State of Alabama, that in certain circumstances he provides legal opinions to State officials, that a former Attorney General issued Ala. Op. Att'y Gen. 2000-129, that he maintains his office in Montgomery, Alabama, and that he is sued in his official capacity.

18. The State Defendants admit that Donald is the State Registrar of Vital Statistics with an office in Montgomery, that she maintains and registers certificates of death, that she has the power to amend death certificates that contain errors, and that she was sued in her official capacity.

19. The State Defendants admit that Reed is the probate judge for Montgomery County, that he has jurisdiction over certain matters related to Fancher's estate, and that he is sued in his official capacity.

20. Admitted.

21. Admitted on information and belief.

22. Admitted on information and belief.

23. Admitted on information and belief.

24. Admitted on information and belief.

25. Admitted on information and belief.

26. Admitted on information and belief.

27. Admitted on information and belief.

28. Admitted on information and belief.

29. Admitted on information and belief.

30. Admitted on information and belief.

31. Admitted on information and belief.

32. Admitted on information and belief.

33. Admitted on information and belief.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted that the Alabama Legislature proposed a constitutional amendment providing that Alabama will not recognize out-of-state "same-sex marriages" after passing a statute that provided that Alabama will not recognize out-of-state "same-sex marriages."

57. Admitted.

58. Admitted.

59. Denied.

60. The State Defendants admit that Plaintiff contends that Alabama's marriage laws violate the Constitution, but deny that Plaintiff's contentions are correct.

61. The State Defendants admit that state law is subject to the Fourteenth Amendment, but deny that Alabama's marriage laws violate the Fourteenth Amendment.

62. The State Defendants lack sufficient information to admit or deny the allegations of paragraph 62.

63. The Supreme Court's decision in *United States v. Windsor* speaks for itself.

64. The Supreme Court's decision in *United States v. Windsor* speaks for itself.

65. The Supreme Court's decision in *United States v. Windsor* speaks for itself.

66. Denied.

67. The State Defendants admit that there is a case or controversy between the Plaintiff and the State Defendants, except to the extent that Plaintiff's Complaint raises a non-justiciable political question, and except to the extent that Plaintiff's claims are not ripe.

68. The State Defendants admit that they contend that Alabama marriage laws are consistent with the Constitution. They do not speak for other defendants.

69. The State Defendants do not have sufficient information to admit or deny allegations about the contentions of Defendant Lohr.

70. Admitted.

71. The State Defendants do not have sufficient information to admit or deny allegations about the Plaintiff's wrongful death lawsuit.

72. The State Defendants admit that Plaintiff's marital status impacts the potential distribution of proceeds of a wrongful death lawsuit brought by the estate of a person Plaintiff claims to be his spouse.

73. The State Defendants admit that Plaintiff's marital status impacts the potential distribution of proceeds of a wrongful death lawsuit brought by the estate of a person Plaintiff claims to be his spouse.

### Count I

74. The State Defendants adopt and incorporate the foregoing paragraphs.

75. Admitted.

76. The State Defendants admit that Alabama law does not recognize "same-sex marriage" as a lawful marriage, and deny any remaining allegations in paragraph 76.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## Count II

88. The State Defendants adopt and incorporate the foregoing paragraphs.

89. Denied.

90. Denied.

91. Denied.

92. The State Defendants deny that Alabama's marriage laws "punish" any person.

93. Denied.

## Prayer for Relief

The State Defendants deny that Plaintiff is entitled to the relief sought.

**Additional Defenses**

1. The State Defendants deny any allegation in Plaintiff's Complaint that is not expressly admitted above.

2. The State Defendants deny that Plaintiff and Charles David Fancher were "married," or that Plaintiff is a "surviving spouse," under Alabama law.

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff's claims are not ripe, and this Court therefore lacks subject-matter jurisdiction.

5. Plaintiff's Complaint raises a non-justiciable political question.

6. Plaintiff's claims are barred by the Tenth Amendment.

7. Sexual orientation is not a protected or suspect class to which heightened scrutiny applies.

8. Alabama's marriage laws are rationally related to legitimate state interests.

9. Alabama's marriage laws are closely related to important governmental interests.

10. Alabama's marriage laws are narrowly tailored and further compelling governmental interests.

11. There is no fundamental due-process right to marry someone of the same sex.

12. It is the public policy of the State of Alabama to recognize marriage as the legal union of one man and one woman.

13. Alabama's recognition of marriage as the legal union of one man and one woman does not violate the United States Constitution.

14. Plaintiff has not stated a valid § 1983 claim against the State Defendants, who are sued in their official capacities, and Plaintiff may not recover damages, costs or attorney's fees against the State Defendants.

    Respectfully submitted,

    LUTHER STRANGE (ASB-0036-G42L)
    *Attorney General*

    BY:

    s/ James W. Davis

    James W. Davis (ASB-4063-I58J)
    Laura E. Howell (ASB-0551-A41H)
    *Assistant Attorneys General*

**OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8440
jimdavis@ago.state.al.us
lhowell@ago.state.al.us

*Attorneys for the State Defendants,*
*Governor Robert Bentley and*
*Attorney General Luther Strange*


**OF COUNSEL:**

David B. Byrne, Jr. (ASB-0354-R69D)
Chief Legal Advisor
Office of the Governor
Alabama State Capitol
600 Dexter Avenue, Suite NB-05
Montgomery, Alabama 36130
Telephone: (334) 242-7120
David.Byrne@governor.alabama.gov

*Additional Counsel for*
*Governor Robert Bentley*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of March, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

>David C. Dinielli
>Samuel E. Wolfe
>Southern Poverty Law Center
>400 Washington Avenue
>Montgomery, AL 36104
>David.dinielli@splcenter.org
>Sam.wolfe@splcenter.org

>Tyrone C. Means, Of Counsel
>Means Gills Law, LLC
>60 Commerce Street, Suite 200
>P.O. Box 5058
>Montgomery, Alabama 36103

A copy will be sent by regular United States mail on this date to the following:

>Catherine M. Donald
>State Registrar of Vital Statistics
>Alabama Department of Public Health
>P.O. Box 5625
>Montgomery, AL 36103-5625

>>s/ James W. Davis
>>Of Counsel