**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **PAUL HARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.: 2:13-CV-922-WKW-SRW** |
| | ) | |
| **ROBERT BENTLEY, et al.** | ) | **ANSWER, AFIRMATIVE** |
| | ) | **DEFENSES &** |
| | ) | **COUNTERCLAIMS** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**ANSWER OF INTERVENING DEFENDANT**

COMES NOW Intervening Defendant, Pat Fancher, by and through her attorney of record, Gabriel Smith, and answering the allegations of the Plaintiff's Complaint on the file herein, affirms, denies, and alleges as follows:

Pursuant to Ala. R. Civ. Pro. 8(b), Answering Defendant denies generally each and every allegation of matter, facts, and thing against it contained in the Complaint, unless otherwise admitted or qualified.

1.

Intervening Defendant denies that Alabama's recognition of traditional marriage violates the U.S. Constitution and Intervening Defendant therefore denies that Plaintiff is entitled to injunctive relief.

2.

Intervening Defendant admits that Plaintiff resides in Montgomery, but denies he is a "widower".

3.

Intervening Defendant lacks sufficient knowledge of Plaintiff's statement of facts relating to the accident and therefore denies.

4.

Denied.

5.

Admitted.

6.

Admitted as to the distribution of proceeds under intestate succession. Denied as to any allegation that Plaintiff is surviving spouse.

7.

Intervening Defendant admits that Plaintiff has never enjoyed legal status of "spouse" under Alabama law.

8.

Admitted.

9.

Denied.

10.

Denied.

11.

Denied.

12.

Denied. No such relief is appropriate or lawful.

13.

Intervening Defendant does not contest subject-jurisdiction pursuant to 28 U.S.C. § 1391, but Intervening Defendant is unsure as to whether Plaintiff's claim is ripe or whether Plaintiff has standing. Therefore, Intervening Defendant denies any remaining allegation contained in Paragraph 13 of Plaintiff's complaint aside from the statutory text regarding venue.

14.

Intervening Defendant does not contest venue.

15.

Admitted on information and belief.

16.

Paragraph 16 contains a legal allegation, and the law speaks for itself. Intervening Defendant cannot speak for Defendant Bentley and therefore cannot comment further on these allegations.

17.

Intervening Defendant lacks sufficient knowledge and authority to comment on the content of Paragraph 17.

18.

Intervening Defendant lacks sufficient knowledge and authority to comment on the content of Paragraph 18.

19.

Intervening Defendant lacks sufficient knowledge as to the truth or falsity of the content of Paragraph 19.

20.

Intervening Defendant lacks sufficient knowledge as to the truth or falsity of the content of Paragraph 20.

21.

Intervening Defendant lacks sufficient knowledge as to the allegations of fact in Plaintiff's Complaint Paragraph 21 and therefore denies.

22.

Admitted on information and belief.

23.

Intervening Defendant lacks sufficient knowledge to comment on the factual allegations of Paragraph 23, and therefore denies as to any suggestion of the deceased's joy in the relationship.

24.

Admitted on information and belief.

25.

Denied.

26.

Admitted on information and belief.

27 through 32.

Intervening Defendant Admits the content of Paragraphs 27 through 32 on information and belief.

33.

Denied.

34.

Denied.

35.

Admitted.

36.

Admitted.

37.

Intervening Defendant believes that the law speaks for itself and denies that the proceeds from a wrongful death proceeding are to be paid to anyone other than the deceased's surviving parent, Intervening Defendant.

38.

Intervening Defendant admits that if David Fancher had ever legally married in Alabama, his surviving spouse would have been entitled to the "share of the spouse" with the remaining proceeds being directed toward the decedent's mother.

39.

Admitted.

40.

Admitted.

41.

Admitted.

42.

Admitted.

43.

Admitted based on information and belief.

44.

Intervening Defendant admits that lawful marriage is recognized under Alabama law, but denies that marriage is merely a legal status. *See* Ala. Const. Art. I, § 36.03(c) (describing marriage as, "a sacred covenant, solemnized between a man and a woman").

45.

Admitted.

46.

Admitted.

47.

The law speaks for itself.

48.

Admitted.

49.

Admitted.

50.

Admitted.

51.

Admitted.

52.

Intervening Defendant admits that, as a general rule, married couples in Alabama enjoy their status as married if the couple was wed in another state. Intervening Defendant denies that this

statement of case law is applicable to the current case because Alabama's Constitution provides that, "The State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the law of any jurisdiction regardless of whether a marriage license was issued." Ala. Const. Art. I, § 36.03(e).  Intervening Defendant also recognizes Plaintiff's reliance on <u>Krug v. Krug</u> in support of the "general rule that 'a marriage valid where celebrated is valid everywhere'." However, Intervening Defendant notes that in making this point the Alabama Supreme Court in <u>Krug v. Krug</u> relied upon its own precedent in both <u>Smith v. Goldsmith</u> which stated "an exception to the general rule," of the foreign-formed marriage being valid everywhere, "is ordinarily made in the case of marriages repugnant to the public policy of the domicile of the parties" and <u>Osoinach v. Watkins</u>, a case which expressly stated, "*It is a general rule of law that a marriage valid where celebrated is valid everywhere. But this general rule, like other rules of law, is not without its exceptions. Of course, a marriage which is contrary to the law of nature as generally recognized in Christian countries is void everywhere.*" Lastly, Intervening Defendant points out that in 1974 (the year of the <u>Krug v. Krug</u> decision) not a single U.S. State recognized homosexual marriage nor extended any of the legal incidents of marriage to any gay couple.

53.

Admitted.

54.

Admitted.

55.

Admitted.

56.

Admitted on information and belief.

57.

Intervening Defendant admits that the Alabama Legislature proposed a constitutional amendment which, being adopted by a majority vote of the people of the state, became an amendment to the Alabama Constitution providing in part that, "[a] marriage contracted between individuals of the same sex is invalid in this state." Ala. Const. Art. I, § 36.03(b).

58.

Admitted.

59.

Denied.

60.

Intervening Defendant denies that either the Due Process or the Equal Protection Clauses of the Fourteenth Amendment are violated by Alabama's Sanctity Laws.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Admitted on information and belief.

69.

Intervening Defendant lacks sufficient knowledge as to the truth or falsity of the Plaintiff's statements in Paragraph 69.

70.

Denied.

71.

 Intervening Defendant lacks sufficient knowledge as to the truth or falsity of the Plaintiff's statements in Paragraph 71.

72.

Denied.

73.

Denied.

## **Count I**

74.

Intervening Defendant recognizes that Plaintiff incorporated all prior paragraphs.

75.

Admitted.

76.

Denied.

77.

Denied.

78.

Denied.

79.

Denied.

80.

Denied.

81.

Denied.

82.

Denied.

83.

Denied.

84.

Denied.

85.

Denied.

86.

Denied.

87.

Denied.

## **Count II**

88.

Intervening Defendants recognize that Plaintiff incorporates all prior paragraphs.

89.

Denied.

90.

Denied.

91.

Denied.

92.

Denied.

93.

Denied.

## **Prayer for Relief**

Intervening Defendant denies that Plaintiff is entitled to the relief sought.  Intervening Defendant therefore requests the following relief:

> (1) Per case precedent, statutory provisions, and the Constitution of this jurisdiction as ratified by a 81% vote of the people within this state, Intervening Defendant requests a dismissal of Plaintiff's suit.

(2) Pursuant to Ala. Code. § 43-8-42 Intervening Defendant requests a decision naming

Patti Fancher as the sole beneficiary of her son's wrongful death suit.

**Additional Defenses**

Answering Defendant expressly reserves all other affirmative defenses which he may have but

are not expressly enumerated in Ala. R. Civ. P. § 8(c).

Respectfully Submitted,

/s/ Gabriel J. Smith
Gabriel J. Smith (SMI337)
Foundation for Moral Law
Attorney for Pat Fancher
Telephone: (334) 262-1245
Fax: (334) 262-1708
1 Dexter Avenue
Montgomery, AL 36104
gabrieljoseph.smith@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, April 17, 2014, an exact copy of the foregoing
instrument has been served by one of the following methods: (a) through the Court's e-filing
system; (b) by placing a copy of the same in the United State Mail, postage prepaid and properly
addressed; and/or (c) by personal/firm email to the following attorneys:

**SOUTHERN POVERTY LAW CENTER**
David C. Dinielli
Samuel E. Wolfe
Attorneys for Plaintiff
400 Washington Avenue
Montgomery, AL 36104
David.dinielli@splcenter.org
Sam.wolfe@splcenter.org

**TYRONE C. MEANS, Of Counsel**
Means Gills Law, LLC
60 Commerce Street, Suite 200
P.O. Box 5058
Montgomery, Alabama 36103

**OFFICE OF THE ATTORNEY GENERAL**
James W. Davis (ASB-4063-I58J)
Laura E. Howell (ASB-0551-A41H)
Assistant Attorneys General
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8440
jimdavis@ago.state.al.us
lhowell@ago.state.al.us
Attorneys for the State Defendants,
Governor Robert Bentley and
Attorney General Luther Strange

**ADDITIONAL COUNSEL FOR GOVERNOR ROBERT BENTLEY**
David B. Byrne, Jr. (ASB-0354-R69D)
Chief Legal Advisor
Office of the Governor
Alabama State Capitol
600 Dexter Avenue, Suite NB-05
Montgomery, Alabama 36130
Telephone: (334) 242-7120
David.Byrne@governor.alabama.gov

Respectfully Submitted,

/s/ Gabriel J. Smith
Gabriel J. Smith (SMI337)
Foundation for Moral Law
Attorney for Pat Fancher
Telephone: (334) 262-1245
Fax: (334) 262-1708
1 Dexter Avenue
Montgomery, AL 36104
gabrieljoseph.smith@gmail.com

13