## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

PAUL HARD,

    Plaintiff,

             v.

ROBERT BENTLEY, in his official capacity as
Governor of the State of Alabama; LUTHER
JOHNSON STRANGE, III in his official capacity
as Attorney General of the State of Alabama; PAT
FANCHER;

    Defendants.

Civil Action No. <u>2:13-cv-922-WKW</u>

## NOTICE OF PLAINTIFF'S COMPILATION OF POST-*WINDSOR* DECISIONS
## <u>FINDING MARRIAGE RESTRICTIONS UNCONSTITUTIONAL</u>

      This Court requested that Plaintiff submit a compilation of all federal court decisions issued since the Supreme Court's decision in <u>United States v. Windsor</u> that address the constitutionality of state laws prohibiting same-sex marriage and/or recognition of out-of-state marriages.

      These opinions are summarized below, in chronological order, followed by a description of the scope of issues that may require evidentiary showings to the extent reflected in those opinions.  All eleven federal decisions have deemed such laws in violation of equal protection and/or due process under the U.S. Constitution.  All rationales offered in favor of laws restricting marriage or marriage recognition from same-sex couples, to the extent valid government interests at all, do not pass constitutional muster, even under rational review.  <u>See</u>, <u>e.g.</u>, <u>Henry v. Himes</u>, 1:14-CV-129, 2014 WL 1418395, at *16 (S.D. Ohio Apr. 14, 2014) ("This Court has

already considered and rejected as illegitimate and irrational any purported State interests justifying the marriage recognition bans.").

**Summaries of Cases:**

1.  **District of Utah** – December 20, 2013 (refers to date of decision) – <u>Kitchen v. Herbert</u>, 961 F. Supp. 2d 1181.

    - Plaintiffs:  Three same-sex couples who wished to marry in Utah.

    - Procedural Posture:  Granting summary judgment to plaintiffs and requiring state to issue marriage licenses.

    - Holding:  *"[T]he court holds that Utah's prohibition on same-sex marriage conflicts with the United States Constitution's guarantees of equal protection and due process under the law.  The State's current laws deny its gay and lesbian citizens their fundamental right to marry and, in so doing, demean the dignity of those same-sex couples for no rational reason."* <u>Id.</u> at 1188.

    - Status:  Couples were able to marry for three weeks until the U.S. Supreme Court issued a stay.  The U.S. Court of Appeals for the Tenth Circuit heard argument on April 10, 2014.

2.  **Southern District of Ohio** – December 23, 2013 – <u>Obergefell v. Wymyslo</u>, 962 F. Supp. 2d 968.

    - Plaintiffs:  Same-sex couple married out of state, one member of which was terminally ill.

    - Procedural Posture:  Granting motion for declaratory judgment and permanent injunction requiring officials recognize marriage on death certificate.

- Holding: *"[O]nce you get lawfully married in one state, another state cannot summarily take your marriage away, because the right to remain married is properly recognized as a fundamental liberty interest protected by the Due Process Clause of the United States Constitution. . . . [B]y treating lawful same-sex marriages differently than it treats lawful opposite sex marriages . . . Ohio law, as applied to these Plaintiffs, violates the United States Constitution's guarantee of equal protection . . . ."* Id. at 978, 983.

- Status: On appeal to the U.S. Court of Appeals for the Sixth Circuit.

3. **Northern District of Oklahoma** – January 14, 2014 – Bishop v. U.S. ex rel. Holder, 962 F. Supp. 2d 1252.

    - Plaintiffs: A couple who wished to marry in Oklahoma. (The Court found that a couple married in California lacked standing.)

    - Procedural Posture: Granting motion for summary judgment.

    - Holding: *"Applying deferential rationality review, the Court searched for a rational link between exclusion of this class from civil marriage and promotion of a legitimate governmental objective. Finding none, the Court's rationality review reveals [the prohibition against issuances of licenses to same-sex couples] as an arbitrary, irrational exclusion of just one class of Oklahoma citizens from a government benefit."* Id. at 1296.

    - Status: Stayed pending appeal to the U.S. Court of Appeals for the Tenth Circuit, which held argument on April 17, 2014.

4. **Western District of Kentucky** – February 12, 2014 – Bourke v. Beshear, 3:13-CV-750-H, 2014 WL 556729.

- Plaintiffs:  Four same-sex couples married outside of Kentucky who sought recognition of those marriages.

- Procedural Posture:  Granting motion for summary judgment.

- Holding:  *"Kentucky's denial of recognition for valid same-sex marriage violates the United States Constitution's guarantee of equal protection under the law, even under the most deferential standard of review.  Accordingly, Kentucky's statutes and constitutional amendment that mandate this denial are unconstitutional."*  Id. at *1.

- Status:  Stayed pending appeal to the U.S. Court of Appeals to the Sixth Circuit.

5. **Eastern District of Virginia** – February 13, 2014 – Bostic v. Rainey, 2:13CV395, 2014 WL 561978.

- Plaintiffs:  A couple seeking to marry in Virginia, and a couple married in California, one member of which could not adopt the couple's daughter because of the state's refusal to recognize the marriage.

- Procedural Posture:  Granting motion for summary judgment and granting motion for preliminary injunction.

- Holding:  *"The Court finds . . . any . . . Virginia law that bars same-sex marriage or prohibits Virginia's recognition of lawful same-sex marriages from other jurisdictions unconstitutional.  These laws deny Plaintiffs their rights to due process and equal protection guaranteed under the Fourteenth Amendment of the United States Constitution."*  Id. at *23.

- Status:  Stayed pending appeal to the U.S. Court of Appeals for the Fourth Circuit, which will hear argument on May 13.

6.   **Northern District of Illinois** – February 21, 2014 – <u>Lee v. Orr</u>, 13-CV-8719, 2014 WL 683680.

- Plaintiffs:  Illinois couples who seek to marry, in advance of the otherwise applicable effective date of legislation extending marriage rights to same-sex couples.

- Procedural Posture:  Granting motion for summary judgment and requiring clerks in one county to issue licenses.

- Holding:  *"This Court has no trepidation that marriage is a fundamental right to be equally enjoyed by all individuals of consenting age regardless of their race, religion, or sexual orientation . . . . Accordingly, the provisions of the Illinois Marriage and Dissolution of Marriage Act [restricting marriage to different-sex couples] violate the Equal Protection Clause by discriminating against individuals based on their sexual orientation."* <u>Id.</u> at *2.

- Status:   Defendants have not appealed.

7.   **Western District of Texas** – February 26, 2014 – <u>De Leon v. Perry</u>, SA-13-CA-00982-OLG, 2014 WL 715741.

- Plaintiffs:  A couple wishing to marry in Texas, and a couple seeking recognition of their out-of-state marriage, in part so that one member of the couple could be considered the legal parent of the couple's child.

- Procedural Posture:  Granting motion for preliminary injunction.

- Holding:  *"Supreme Court precedent prohibits states from passing legislation born out of animosity against homosexuals* (Romer)*, has extended constitutional protection to the moral and sexual choices of homosexuals* (Lawrence)*, and prohibits the federal government from treating state-sanctioned opposite-sex marriages and same-sex*

*marriages differently* (Windsor). . . . *Texas laws deny Plaintiffs access to the institution of marriage . . . for the sole reason that Plaintiffs wish to be married to a person of the same sex. The Court finds this denial violates Plaintiffs' equal protection and due process rights under the Fourteenth Amendment to the United States Constitution."* <u>Id.</u> at *27.

- Status: Stayed pending appeal to the U.S. Court of Appeals for the Fifth Circuit.

8. **Middle District of Tennessee** – March 14, 2014 – <u>Tanco v. Haslam</u>, 3:13-CV-01159, 2014 WL 997525.

- Plaintiffs: Three couples married outside of Tennessee.

- Procedural Posture: Granting preliminary injunction against enforcement of anti-recognition laws against plaintiffs.

- Holding: *"With respect to plaintiffs' Equal Protection Clause challenge, the defendants offer arguments that other federal courts have already considered and have consistently rejected, such as the argument that notions of federalism permit Tennessee to discriminate against same-sex marriages consummated in other states, that* Windsor *does not bind the states the same way it binds the federal government, and that Anti-Recognition Laws have a rational basis because they further a state's interest in procreation . . . . Accordingly, the court finds that the plaintiffs are likely to succeed on the merits of their equal protection challenge, even under a 'rational basis' standard of review."* <u>Id.</u> at *6.

- Status: Defendants have appealed to the U.S. Court of Appeals for the Sixth Circuit; request for stay pending appeal was denied.

9.     **Eastern District of Michigan** – March 21, 2014 – <u>DeBoer v. Snyder</u>, 12-CV-10285, 2014 WL 1100794.

- Plaintiffs:  Couple seeking to marry in Michigan.

- Procedural Posture:  Entering findings of fact and conclusions of law after a bench trial.

- Holding:  *"After reviewing the evidence presented at trial, including the testimony of various expert witness, the exhibits, and stipulations, and after considering all of the legal issues involved, the Court concludes that the [Michigan Marriage Amendment] is unconstitutional and will enjoin its enforcement."*  <u>Id.</u> at *1.

- Status:  After a brief period in which couples in Michigan could marry, the U.S. Court of Appeals for the Sixth Circuit stayed the district court judgment pending appeal.

10.    **Southern District of Ohio** – April 14, 2014 – <u>Henry v. Himes</u>, 1:14-CV-129, 2014 WL 1418395.

- Plaintiffs:  Four couples married out of state, including three expecting couples and one couple who adopted, all of whom sought to have both parents recorded on their children's birth certificates.

- Procedural Posture:  Granting motion for declaratory judgment and permanent injunction.

- Holding:  *"The record before the Court . . . is staggeringly devoid of any legitimate basis for the State's ongoing arbitrary discrimination on the basis of sexual orientation, and therefore **<u>Ohio's marriage recognition bans are facially unconstitutional and unenforceable under any circumstances</u>**."*  <u>Id.</u> at *1.

- Status:  Stayed pending appeal to the U.S. Court of Appeals for the Sixth Circuit, except stay denied as to the four couples, whose birth certificates are ordered to reflect both parents as parents.

11. **Southern District of Indiana** – April 18, 2014 – <u>Baskin v. Bogan</u>, No. 1:14-cv-00355.

- Plaintiffs:  Couple, one member of which was terminally ill, seeking recognition of out-of-state marriage and acknowledgement of marriage on death certificate.

- Procedural Posture:  Granting motion for temporary restraining order.

- Holding:  *"Therefore, on this record, the court finds that there will likely be insufficient evidence of a legitimate state interest to justify the singling out of same-sex married couples for non-recognition.  The court thus finds that Plaintiffs have at least some likelihood of success on the merits because 'the principal effect' of Indiana's statute 'is to identify a subset of state-sanctioned marriages and make them unequal.'"* <u>Id.</u>, slip op. at 8 (citing <u>Windsor</u>).

- Status:  Litigation in the District Court is proceeding.

## <u>Scope of Issues Requiring Evidence and/or Discovery:</u>

The above-cited opinions reflect little need for discovery, as legal issues and arguments in this line of cases have been well analyzed flowing from <u>Windsor</u>.  The Michigan opinion stands alone as following a trial that featured competing experts, particularly on the issue of same-sex parenting, before judgment.  Still, no substantial discovery is necessary at this point in order for this Court to rule that Alabama's "marriage recognition bans are facially unconstitutional and unenforceable under any circumstances."  <u>See</u> <u>Henry v. Himes</u>, 1:14-CV-129, 2014 WL 1418395, at *1 (S.D. Ohio Apr. 14, 2014).  Yet a review of the above opinions suggests the following issues that could bear factual development:

1.    **Social science regarding same-sex parenting**.  Although this appears to be the primary

factual dispute arising in some of these cases, courts that examined this issue generally

concluded based on *legal* precedent that although the welfare of children is a legitimate state

interest, withholding marriage from same-sex couples bears no rational relationship to that

interest.  See, e.g., Bourke v. Beshear, 3:13-CV-750-H, 2014 WL 556729, at *8 (W.D. Ky. Feb.

12, 2014) ("Justice Kennedy explained that it was the government's failure to recognize same-

sex marriages that harmed children, not having married parents who happened to be of the same

sex"); De Leon v. Perry, SA-13-CA-00982-OLG, 2014 WL 715741, at *14 (W.D. Tex. Feb. 26,

2014) ("There is no doubt that the welfare of children is a legitimate state interest; however,

limiting marriage to opposite-sex couples fails to further this interest."); Bostic v. Rainey,

2:13CV395, 2014 WL 561978 at *17-18 (E.D. Va. Feb. 13, 2014) ("Of course the welfare of our

children is a legitimate state interest.  However, limiting marriage to opposite-sex couples fails to

further this interest.   Instead, needlessly stigmatizing and humiliating children who are being

raised by the loving couples targeted by Virginia's Marriage Laws betrays that interest.").  Thus,

this rationale has been repeatedly rejected; there is no need to relitigate this issue within the

context of this case.

Opinions similarly observe that same-sex couples are capable of being good parents with

their children manifesting similar outcomes as children from other populations.  E.g., Obergefell

v. Wymyslo, 962 F. Supp. 2d 968, n.20 (S.D. Ohio 2013) ("*The overwhelming scientific

consensus, based on decades of peer-reviewed scientific research, shows unequivocally that

children raised by same-sex couples are just as well adjusted as those raised by heterosexual

couples.*").  DeBoer v. Snyder, 12-CV-10285, 2014 WL 1100794, at *12 (E.D. Mich. Mar. 21,

2014) (citing expert testimony that "approximately 150 sociological and psychological studies of

children raised by same-sex couples have repeatedly confirmed Rosenfeld's findings that there is simply no scientific basis to conclude that children raised in same-sex households fare worse than those raised in heterosexual households."). Expert testimony presented to the contrary was, in the evaluation of one court, "entirely unbelievable and not worthy of serious consideration."). Id. at *7.

2.     **Purpose, design, and motivation of laws refusing marriage to same-sex couples.**

Evidence such as from legislative histories, statements of sponsoring legislators or committees, contemporaneous news articles, and voter guides are generally referenced as uncontested facts to illuminate the motivation and goals of laws against same-sex marriage. See, e.g., Bourke, 2014 WL 556729, at *6 (history of law suggests that the "principal purpose is to impose inequality"); Bishop v. U.S. ex rel. Holder, 962 F. Supp. 2d 1252, 1282-85 (N.D. Okla. 2014) (discerning purpose as excluding class of same-sex couples from benefits of marriage); Obergefell, 962 F. Supp. 2d at 993 (history of the law leads to conclusion that refusal "to recognize a particular type of legal out-of-state marriages *for the first time in its history,* Ohio is engaging in "discrimination[ ] of an unusual character" without a rational basis for doing so").

Although the opinions generally do not cite direct evidence of anti-gay animus as motivating laws against same-sex marriage, such evidence would underscore their invalidity. Id. at 992 ("*the desire to effectuate one's animus against homosexuals can never be a legitimate governmental purpose*"); Bourke, 2014 WL 556729, at *7 ("Absent a clear showing of animus, however, the Court must still search for any rational relation to a legitimate government purpose."). Discovery regarding animus accordingly may warrant some exploration.

3.     **Harms of such laws on plaintiffs and other lesbian and gay people and their families**. Courts typically refer to such facts through citations to specific laws, rather than

examination of evidence.  See, e.g., De Leon, 2014 WL 715741, at *7 ("These injuries include
far-reaching legal and social consequences, along with the pain of humiliation, stigma, and
emotional distress."); Bostic, 2014 WL 561978, at *7 (plaintiffs claim similar injuries);
Obergefell, 962 F. Supp. 2d at 979 (The state's "establishment of same-sex couples married in
other jurisdictions as a disfavored and disadvantaged subset of people has a destabilizing and
stigmatizing impact on them."); Bourke, 2014 WL 556729, at *2-3 (listing injuries to children of
same-sex couples whose marriages are unrecognized).

4.      **Unfounded fears such as that the existence of same-sex marriages harm different-
sex marriages**.  At least one court accepted an amicus brief submitted by other jurisdictions
where same-sex marriage has been permitted against the defendants' unfounded and amorphous
fears that permitting same-sex marriages somehow undermine the marriages of different-sex
couples.  Kitchen v. Herbert, 961 F. Supp. 2d 1181, 1213 (D. Utah 2013) (concluding that fears
about effect of same-sex marriage are unfounded citing amicus brief by fourteen states and the
District of Columbia where implementation of same-sex marriage "has not resulted in any
decrease in opposite-sex marriage rates, any increase in divorce rates, or any increase in the
number of nonmarital births.").  Other courts reject similarly vague and unfounded rationales as
not rising to the level of a legitimate state interest.  See, e.g., De Leon v. Perry, SA-13-CA-
00982-OLG, 2014 WL 715741, at *17 (W.D. Tex. Feb. 26, 2014) ("tradition, alone, cannot form
a rational basis for a law" and amounts to a kinder way of articulating moral disapproval).

5.      **Facts relating to potential application of heightened scrutiny**.  Some of the opinions
briefly consider whether to apply heightened scrutiny and minimally discuss facts underlying the
considerations relating to the history of oppression of lesbian and gay people and their relative
political powerlessness.  Such opinions usually conclude that even if heightened scrutiny applies,

laws restricting marriage from same-sex couples fail under rational review.  See, e.g., Kitchen, 961 F. Supp. 2d at 1206 (The court "finds that it need not apply heightened scrutiny here because [the marriage ban] fails under even the most deferential level of review."); De Leon, 2014 WL 715741, at *12-14 (same).

6.      Some opinions observe other facts that have become uncontroversial such as that most lesbian and gay people experience their sexual orientation as a core aspect of their identity, Kitchen, 961 F. Supp. 2d at 1200 (More than forty years ago "leading experts believed that homosexuality was simply a lifestyle choice.  With the increased visibility of gay men and lesbians in the past few decades, a wealth of new knowledge about sexuality has upended these previous beliefs."); and that being lesbian or gay does not diminish a person's ability to contribute to society.


April 28, 2014

                                    Respectfully submitted,

                                    SOUTHERN POVERTY LAW CENTER

                                    By: /s/ David C. Dinielli

                                    David C. Dinielli* (California Bar No. 177904)
                                    Samuel Wolfe (ASB-2945-E63W)
                                    400 Washington Avenue
                                    Montgomery, Alabama 36104
                                    Telephone: (334) 956-8200
                                    Facsimile:  (334) 856-8481
                                    david.dinielli@splcenter.org
                                    sam.wolfe@splcenter.org
                                    *Admitted pro hac vice

                                    (Attorneys for Plaintiff)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of April, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

David Bryson Byrne, Jr., Esq.
Office of the Governor
State Capitol
600 Dexter Avenue
Suite NB-05
Montgomery, AL  36130

James William Davis, Esq.
Laura Elizabeth Howell, Esq.
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL  36130

Gabriel Joseph Smith, Esq.
Foundation For Moral Law
1 Dexter Avenue
Opelika, AL  36103


/s/ David C. Dinielli