2014 WL 683680
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois, Eastern Division.

Brenda Lee and Lee Edwards; Patricia Tucker and Ingrid Swenson; Elvie Jordan and Challis Gibbs; Ronald Dorfman and Kenneth Ilio, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
David Orr, in his official capacity as Cook County Clerk, Defendant.

Case No. 13–cv–8719   |   Filed February 21, 2014

**Attorneys and Law Firms**

Camilla Bronwen Taylor, Christopher R. Clark, Lambda Legal Defense & Education Fund, Inc., Harvey Michael Grossman, John A. Knight, Karen A. Sheley, Roger Baldwin Foundation of ACLU, Inc., Jeremy Mark Press, Jordan Mitchell Heinz, Kirkland & Ellis LLP, Kay L. Dawson, M. David Weisman, Marc Oliver Beem, Zachary J. Freeman, Miller Shakman & Beem LLP, Chicago, IL, for Plaintiffs.

Kent Stephen Ray, Paul Leo Fangman, Sisavanh Baccam Baker, Chicago, IL, for Defendant.

**Opinion**

### MEMORANDUM OPINION AND ORDER

Sharon Johnson Coleman, United States District Judge

 **\*1** On December 24, 2013, plaintiffs filed a motion for summary judgment [36] asserting that the Illinois ban on same-sex marriage frustrates the individual and class plaintiffs' desire to marry in their home state by denying them equal protection under the law and infringing on their fundamental right to marry. Defendants, David Orr and the intervenor, Illinois Attorney General Lisa Madigan, do not oppose entry of summary judgment in this matter. For the reasons stated herein, this Court grants the motion.

### Background

The Illinois Marriage and Dissolution of Marriage Act authorizes marriage only between a man and a woman. 750 ILCS 5/201. The statute also states that marriage between same-sex individuals is contrary to the public policy of this State. 750 ILCS 5/213.1. On November 5, 2013, the Illinois General Assembly passed Senate Bill 10 ("SB–10") amending the Illinois marriage statute to allow same-sex couples to marry. However, SB–10 did not immediately go into effect because the Illinois Constitution, article IV, § 10, stipulates that "[a] bill passed after May 31 shall not become effective prior to June 1 of the next calendar year unless the General Assembly by the vote of three-fifths of the members elected to each house provides for an earlier effective date." The General Assembly did not vote in favor of an earlier effective date and therefore the plaintiffs initially asked this Court to intervene on behalf of a class of gay and lesbian couples where one or both partners were terminally ill and thus would be permanently denied the right to marry. The Court granted that motion on December 10, 2013.

Now, plaintiffs come before the Court on behalf of all gay and lesbian couples in Cook County asking this Court to find the Marriage Act that remains in effect until June 1, 2014, unconstitutional on its face as an infringement of the fundamental right to marry.

### Legal Standard

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether to grant summary judgment, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255.

### Discussion

There is no dispute here that the ban on same-sex marriage violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and infringes on the plaintiffs' fundamental right to marry. Indeed, the defendant and intervenor have joined in plaintiffs' motion, with the caveat the defendant David Orr is bound to follow the law in Illinois. Since the parties agree that marriage is a fundamental right available to all individuals and should not

be denied, the focus in this case shifts from the "we can't wait" for terminally ill individuals to "why should we wait" for all gay and lesbian couples that want to marry. To paraphrase Dr. Martin Luther King, Jr.: the time is always ripe to do right. MARTIN LUTHER KING JR., WHY WE CAN'T WAIT 74 (1964).

**\*2** This Court has no trepidation that marriage is a fundamental right to be equally enjoyed by all individuals of consenting age regardless of their race, religion, or sexual orientation, and the public policy of this State has been duly amended to reflect that position. The plaintiffs are asking this Court to strike down a state statute, although they have brought suit solely against the Cook County Clerk. The cases that plaintiffs rely on in support of their motion were in a significantly different posture. In all of those cases, the plaintiffs sought to have state statutes and constitutional provisions or proposed amendments banning same sex marriage found unconstitutional either as applied to individual couples or to the state as a whole, and they faced significant opposition to their efforts. Here, the complaint affects only one county and there is no opposition. In fact, the Cook County Clerk filed a brief in support of plaintiffs' claims. Intervenor Lisa Madigan, Illinois Attorney General, provides additional support for plaintiffs' position in a brief filed on behalf of the State of Illinois.[1] Although this Court finds that the marriage ban for same-sex couples violates the Fourteenth Amendment's Equal Protection Clause on its face, this finding can only apply to Cook County based upon the posture of the lawsuit.

There is no reason to delay further when no opposition has been presented to this Court and committed gay and lesbian couples have already suffered from the denial of their fundamental right to marry. Accordingly, the provisions of the Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/201 (authorizing marriages "between a man and a woman"), 750 ILCS 5/212(a)(5) (prohibiting marriage "between 2 individuals of the same sex"), and 750 ILCS 5/213.1 (stating that same-sex marriages are "contrary to the public policy of the state"), violate the Equal Protection Clause by discriminating against individuals based on their sexual orientation.

No genuine issue of material fact exists for a trier-of-fact to resolve therefore this Court grants summary judgment in favor of the plaintiffs.

IT IS SO ORDERED.

Footnotes

[1] Presumably, Attorney General Madigan in her official capacity is representing the position of all counties in Illinois and not just the residents of Cook County.

---

**End of Document**  © 2014 Thomson Reuters. No claim to original U.S. Government Works.