**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION**

| | | |
|---|---|---|
| PAUL HARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cv-922-WKW |
| | ) | |
| ROBERT BENTLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS THE CLAIMS AGAINST GOVERNOR BENTLEY**

Alabama Governor Robert Bentley and Alabama Attorney General Luther Strange move the Court under Federal Rule of Civil Procedure 12(b)(1) to dismiss Governor Bentley as a defendant in his official capacity. Governor Bentley fully supports the laws at issue in this litigation and agrees that they should be enforced, but naming him as a defendant, and subjecting him to the attendant rigors of litigation, is incompatible with basic notions of sovereign immunity and the federal courts' proper adjudicative role.

## I. Background

This case presents a challenge to Alabama's laws that limit marriage to opposite-sex relationship ("Alabama Marriage Laws"). *See* Ala. Const. art. I, § 36.03; Ala. Code § 30-1-19. The plaintiff's partner, David Fancher, was killed in a traffic accident in August 2011. Doc. 1 ¶ 3. Hard alleges the two were lawfully married in Massachusetts in May 2011. Doc. 1 ¶ 21. Following Fancher's death, the administrator of his estate sued for wrongful death. Doc. 1 ¶¶ 34-36. Under Alabama state law, awards of damages received

from a wrongful death suit pass via the laws of intestacy. *See* Ala. Code § 6-5-410(c). Consequently, Hard has no current claim under Alabama law to any proceeds from the suit. Doc. 1 ¶ 43.

Hard asserts a denial of due process and violation of the Equal Protection Clause. Doc. 1 ¶¶ 11, 60. The complaint names four state officials as defendants, two of whom were voluntarily dismissed. One of the remaining named defendants is Alabama Governor Robert Bentley. *See id.* ¶ 16. The complaint states that, "[b]y virtue of his position, Governor Bentley maintains, and has exercised, enforcement authority in connection with the Sanctity Laws." *Id*. ¶ 16. Governor Bentley is named in his official capacity only. *See id.* ¶ 16.

## II. Claims Against Governor Bentley

Two distinct grounds require dismissing the complaint against Governor Bentley in his official capacity as Governor: (1) sovereign and Eleventh Amendment immunity and (2) standing.

### *A. Sovereign & Eleventh Amendment Immunity.*

The doctrine of sovereign immunity, as reflected in the Eleventh Amendment, provides the first reason that it would be improper to subject Governor Bentley to this lawsuit in his official capacity. The Eleventh Amendment prohibits "suit[s] . . . commenced or prosecuted against one of the United States," U.S. Const. amend. XI, and the Supreme Court has interpreted it to also prohibit "suits against state officials where the state is, in fact, the real party in interest." *Summit Med. Assocs. v. Pryor*, 180 F.3d

1326, 1336 (11th Cir. 1999) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984)). A key consideration is whether a state official has a sufficient "connection" to enforcement of the act under review:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Id.* at 1341 (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)). Consequently, a plaintiff may sue state officers "only when those officers are 'responsible for' a challenged action and have 'some connection' to the unconstitutional act at issue." *Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) (quoting *Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988)). Relevant here, **"[a] governor's 'general executive power' is not a basis for jurisdiction in most circumstances."** *Id.* (citing *Harris v. Bush*, 106 F. Supp. 2d 1272, 1276-77 (N.D. Fla. 2000)) (emphasis added).

Governor Bentley is not a proper defendant. He has no direct enforcement responsibilities with respect to Alabama's marital and domestic relations laws. *See* Ala. Code §§ 30-1-3 *et seq.* (Indeed, he cannot even solemnize a marriage. *See id.* § 30-1-7.) It is thus unsurprising that, after identifying Governor Bentley as a defendant, the complaint does not mention him again. *See* doc. 1 ¶ 16.

The sole paragraph that mentions Governor Bentley cites only to his "supreme executive power" as a basis for his inclusion in this litigation—a general authority that the Eleventh Circuit has rejected as a sufficient basis for jurisdiction. *Id.*; *see Women's Emergency Network*, 323 F.3d at 949. That paragraph alleges that Governor Bentley

exercised his "enforcement authority" in connection with the Sanctity Laws when "he announced in September 2013 he would not permit the Alabama National Guard to provide benefits to same-sex spouses, despite a federal directive to do so." Doc. 1 ¶ 16. This proposition is conclusory and unsupported[1] and thus provides no better a basis for subjecting Governor Bentley to this action (and in any event, there is no allegation that Plaintiff is a member of the Alabama National Guard).

In similar circumstances, this Court itself has very recently relieved Governor Bentley from suit. *See C.M. ex rel. Marshall v. Bentley*, No. 2:13-CV-591-WKW, 2014 WL 1378432 at *13-*14 (M.D. Ala. April 8, 2014). There, this Court noted the threshold requirement that "[t]o join Governor Bentley to this suit, Plaintiffs must show that he is 'responsible for the challenged action' of enforcing or implementing the [law]." *Id.* at *14 (citing *Luckey v. Harris*, 860 F.2d 1012, 1015 (11th Cir. 1988)). It then found that "[t]he [statute's] enforcement requires no affirmative action of the Governor, but [] demands action from the other named defendants," and therefore "the Governor's statutory authority…is too attenuated a connection to make him a proper defendant." *Id.* at *14. The same finding is warranted here.

---

[1] Plaintiff's only specific example of an exercise of executive authority is flatly contradicted by other news reports. *See* "Texas processing military benefits for gay spouses under Pentagon deal," *The Washington Post*, Nov. 27, 2013, *available at* http://wapo.st/17VCnNV ("Some states with gay-marriage prohibitions offered virtually no resistance to the Pentagon policy, saying soon after the announcement was made that they would process benefits for all military spouses. They included Alabama, Kentucky, Michigan, North Carolina and Virginia."); "Alabama National Guard will grant same-sex benefits, even as other states refuse," Alabama Live Blog, Sept. 9, 2013, *available at* http://blog.al.com/breaking/2013/09/alabama_national_guard_will_gr.html ("The Alabama National Guard will abide by Pentagon policy and grant benefits to same-sex couples, even as other state units are setting limitations or refusing to honor the requests altogether..")

***B. Standing.***

The plaintiffs similarly lack standing to bring this action against Governor Bentley in his official capacity as Governor. "To have standing, the plaintiffs must demonstrate injury in fact, causation, and redressability." *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014) (citing *DiMaio v. Democratic Nat'l Comm.,* 520 F.3d 1299, 1301-02 (11th Cir. 2008)). And "standing cannot be 'dispensed in gross.'" *Id.* at 1279 (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)). The Court must "address standing for each category of claims separately." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 185 (2000)).

The plaintiffs have failed to make the requisite standing allegations against Governor Bentley for largely the same reasons these claims are barred by sovereign and Eleventh Amendment immunity. In the vocabulary of standing doctrine, Governor Bentley's lack of a connection to the challenged statutes means that he is not *causing* any purported injury the plaintiffs have suffered. And it likewise means that he is powerless to *redress* that injury should the Court order relief. The Court should therefore dismiss the claims against Governor Bentley for this threshold reason.

**III. Conclusion**

Governor Bentley has done nothing to prevent recognition of Plaintiff's alleged marriage, and he could do nothing to give that marriage effect. Governor Bentley is not a proper defendant and should be dismissed.

The parties have agreed to a scheduling order, and in the moving defendants' view, this motion should not affect that schedule in any way. Attorney General Strange is prepared to comply with the order and to defend Alabama's laws by filing a cross-motion for summary judgment. That is, Attorney General Strange does not seek a stay of the schedule while this motion is under consideration, nor does he believe that it should delay the disposition of this case.

Respectfully submitted,

LUTHER STRANGE
*Attorney General*

s/ James W. Davis
James W. Davis
Laura E. Howell
*Assistant Attorneys General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
(334) 353-8440 (fax)
jimdavis@ago.state.al.us
lhowell@ago.state.al.us

**Attorneys for Alabama Governor Robert Bentley and Alabama Attorney General Luther Strange**

**OF COUNSEL:**

David B. Byrne, Jr.
*Chief Legal Advisor*
OFFICE OF THE GOVERNOR
Alabama State Capitol
600 Dexter Avenue, Ste. NB-05
Montgomery, Alabama 36130
(334) 242-7120
david.byrne@governor.alabama.gov

**Additional Counsel for Governor Robert Bentley**

## CERTIFICATE OF SERVICE

I certify that on July 24, 2014, I electronically filed the foregoing document using the Court's CM/ECF system which will send notification of such filing to the following persons:

Gabriel J. Smith
FOUNDATION FOR MORAL LAW
1 Dexter Avenue
P.O. Box 4086
Montgomery, AL 36103
Telephone: 334.262.1245
gabriel.joseph.smith@gmail.com

David C. Dinielli
Samuel E. Wolfe
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Telephone: 334.956.8277
david.dinielli@splcenter.org
sam.wolfe@splcenter.org

s/James W. Davis
Counsel for the Defendants