UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |
|---|---|
| PAUL HARD, spouse and next best friend of CHARLES DAVID FANCHER, deceased;<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BENTLEY, in his official capacity as Governor of the State of Alabama; LUTHER JOHNSON STRANGE, III in his official capacity as Attorney General of the State of Alabama; PAT FANCHER<br><br>Defendants. | Civil Action No. <u>2:13-cv-922-WKW</u> |

## <u>DECLARATION OF DAVID C. DINIELLI IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

I, David C. Dinielli, hereby declare and state:

1. I am Deputy Legal Director at the Southern Poverty Law Center, which is counsel for Plaintiff Paul Hard in this matter.

2. I am admitted in this District pro hac vice in this matter.

3. I make this Declaration in support of Plaintiff's Motion For Summary Judgment.

4. Except as so stated, I make this Declaration on personal knowledge; if called as a witness I could and would testify competently to the facts stated herein.

5. Attached hereto as Exhibit A is a true and correct copy of "State Defendants' Bentley and Strange's Responses to Plaintiff's Interrogatories," verified by Governor Bentley and Attorney General Strange, and served on or about June 27, 2014.

6. Attached hereto as Exhibit B is a true and correct copy of a document entitled "FOR IMMEDIATE RELEASE, CONTACT: REP. GERALD ALLEN," with a handwritten date of 2/6/04. This document was produced to Plaintiff pursuant to a subpoena issued by Plaintiff to Jeff Woodward, Clerk of the Alabama House of Representatives, on or about June 17, 2014.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed this 31st day of August, 2014, in Montgomery, Alabama.

_____

David C. Dinielli

2

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PAUL HARD,                                          )
                                                   )
        Plaintiff,                                 )
                                                   )
            v.                                     )       Case No.
                                                   )       2:13-cv-00922-WKW-SRW
                                                   )
ROBERT BENTLEY, in his official                    )
Capacity as Governor of the State of               )
Alabama, et al.,                                   )
                                                   )
        Defendants.                                )

## STATE DEFENDANTS BENTLEY AND STRANGE'S
## RESPONSES TO PLAINTIFF'S INTERROGATORIES

Governor Robert Bentley, sued in his official capacity, and Attorney General Luther

Strange, sued in his official capacity (the State Defendants), for their response to the Plaintiff's

First Set of Interrogatories to All Defendants, state as follows:

1.      **Identify every government interest that you contend is a rationale for the
Sanctity Laws.**

**Response:**     Alabama has an interest in preserving the legal rights of children to be

connected to their biological parents, particularly fathers. Alabama's marriage law secures the

rights of children by codifying the ancient, common-law offices of father and mother, and

incentivizes biological fathers and mothers to step into those offices by privileging marriage with

special rights and benefits.

In addition, Alabama has an interest in preserving the relationships between children and

other kin, such as siblings, grandparents, aunts, uncles, and cousins. Kinship, with its concentric

1

circles of altruism and self-sacrifice, plays an important role in rearing children and bringing them up into new generations of citizens. Alabama has an interest in encouraging extended family members to embrace those responsibilities.

Alabama has chosen a traditional, conjugal, opposite-sex definition of marriage, as opposed to a revisionist definition that includes all consent-based emotional relationships involving any two or more consenting persons. Alabama thus maintains the offices of father and mother, encourages kinship altruism, and maintains consistency with other aspects of law that promote biological relationships, such as presumptions of paternity, laws relating to child custody, and the laws of intestacy. To change Alabama's definition of marriage by judicial fiat would undermine the integrity of the courts and would alter society's understanding of marital norms and responsibilities, to the detriment of children and civil society.

Alabama's marriage law supports other interests as well. By basing the defense of the traditional marriage definition on only some of these interests, the State Defendants are not disavowing others, and the State Defendants reserve the right to amend this response.

**2.     Identify every government interest that you contend supports Alabama's legal requirement that sex education "shall, as a minimum, include and emphasize" . . . "in a factual manner and from a public health perspective, that homosexuality is not a lifestyle acceptable to the general public and that homosexual conduct is a criminal offense under the laws of the state." Ala. Code § 16-40A-2.**

<u>Response:</u>     The State Defendants object to this request on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The 1992 statute cited is not challenged in this litigation and it was not passed in conjunction with laws addressing marriage.

**3.     Identify every actual or probable location or custodian of Documents or Communications relating to the development and/or passage of the Sanctity Laws whether within your possession or not.**

2

**Response:**      The State Defendants are not aware that any such documents exist that have not already been produced. It is possible that documents such as committee meeting agendas are in possession of the Clerk of the House or the Secretary of the Senate. To the extent that individual Legislators (or former Legislators) are in possession of such documents, such documents would be protected by the Legislative Privilege. To the extent the Secretary of State's office is in possession of such documents, they were produced along with the State Defendants' initial disclosures. To the extent the Governor's Office is in possession of such documents (including a pre-election proclamation concerning the challenged constitutional amendment, a post-election proclamation concerning the same, and a copy of SB109), they were produced as a supplemental production related to the State Defendants' initial disclosures.

**Signed as to Responses:**

State of Alabama               )
County of Montgomery       )

_Luther Strange_
Luther Strange, Attorney General
State of Alabama

On this, the 27th day of June, 2014, before me, the undersigned officer, personally appeared Luther Strange, Attorney General for the State of Alabama, known to me (or satisfactorily proven) to be the person whose name is subscribed to the instrument, and acknowledged that he executed the same for the purposes therein contained, and sworn to be correct to the best of his knowledge, based upon personal knowledge and information gathered from documents and persons supervised. In witness whereof, I hereunto set my hand and official seals.

_Sandra M. McLure_
Notary Public
My commission expires: 3/25/2015

3

State of Alabama      )
County of Montgomery    )

<u>*Robert Bentley*</u>
Dr. Robert Bentley, Governor
State of Alabama

On this, the **27**th day of June, 2014, before me, the undersigned officer, personally appeared Dr. Robert Bentley, Governor of the State of Alabama, known to me (or satisfactorily proven) to be the person whose name is subscribed to the instrument, and acknowledged that he executed the same for the purposes therein contained, and sworn to be correct to the best of his knowledge, based upon personal knowledge and information gathered from documents and persons supervised. In witness whereof, I hereunto set my hand and official seals.

Notary Public
My commission expires: **7/8/17**

**Signed as to Objections:**

Respectfully submitted,

LUTHER STRANGE (ASB-0036-G42L)
*Attorney General*

BY:

s/ James W. Davis

James W. Davis (ASB-4063-I58J)
Laura E. Howell (ASB-0551-A41H)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8440
jimdavis@ago.state.al.us
lhowell@ago.state.al.us

*Attorneys for the State Defendants, Governor Robert Bentley and Attorney General Luther Strange*

4

**OF COUNSEL:**

David B. Byrne, Jr. (ASB-0354-R69D)
Chief Legal Advisor
Office of the Governor
Alabama State Capitol
600 Dexter Avenue, Suite NB-05
Montgomery, Alabama 36130
Telephone: (334) 242-7120
David.Byrne@governor.alabama.gov

***Additional Counsel for
Governor Robert Bentley***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of June, 2014, I electronically served the foregoing document upon the following counsel of record:

David C. Dinielli
Samuel E. Wolfe
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
David.dinielli@splcenter.org
Sam.wolfe@splcenter.org

Gabriel Joseph Smith, Esq.
Foundation For Moral Law
1 Dexter Avenue
Opelika, AL 36103

s/ James W. Davis
Of Counsel

5

Exhibit B

2/6/04

**FOR IMMEDIATE RELEASE**
**CONTACT:  REP. GERALD ALLEN**
            **(205) 556-5310**

A constitutional amendment sponsored by Rep. Gerald Allen, R-Cottondale, that would prohibit state courts from interpreting against the state ban on same-sex marriages and abolish common law marriage in Alabama will be before a House committee this week.

Allen has been working for nearly a year on the amendment that's on the agenda of the House Constitution and Elections Committee.  That committee meets **Wednesday, February 18, 2004 at 9:00 a.m. in Room 622**

"I began researching this shortly after the 2003 Regular Session of the Legislature and began writing the legislation last September," said Allen.  "This is a great moral issue that needs to be addressed once and for all."

Allen said his decision to come with a constitutional amendment was made months before the Massachusetts Supreme Court's recent ruling that gay marriages must be recognized in that state.

In 1998, the Alabama Legislature approved the "Alabama Marriage Protection Act," which states that marriage is a relationship between a man and a woman, and prohibits the issuance of a marriage license to same-sex couples.

However, that is only a state law and Allen said the constitutional amendment is needed to prevent the courts from making any interpretations about the law.

If approved by the Alabama House and the Alabama State Senate, the amendment would be submitted to voters who would make the final decision in a statewide referendum.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of August, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

David Bryson Byrne, Jr., Esq.
Office of the Governor
State Capitol
600 Dexter Avenue
Suite NB-05
Montgomery, AL  36130

James William Davis, Esq.
Laura Elizabeth Howell, Esq.
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL  36130

Gabriel Joseph Smith, Esq.
Foundation For Moral Law
1 Dexter Avenue
Opelika, AL  36103

/s/ Samuel Wolfe, Esq.

3