IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL HARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-cv-922-WKW |
| ) | |
| ROBERT BENTLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Alabama Governor Robert Bentley and Alabama Attorney General Luther Strange, pursuant to Rule 56 of the Federal Rules of Civil Procedure, move for a summary judgment in their favor on grounds that there is no genuine dispute of material fact and the Defendants are entitled to a judgment as a matter of law.

In support of this motion, the Defendants rely on their memorandum of law filed contemporaneously herewith, the statement of facts that follows in this motion, and the following exhibits attached hereto:

Ex. A    Declaration of Sherif Girgis

Ex. B    Attorney General Opinion No. 83-206

Ex. C    Voting results for referendum adopting Ala. Const. (1901) Art. I, § 36.03

**Narrative Statement of Undisputed Facts**

1.   In Alabama, of all human relationships that exist (business partnerships, siblings, same-sex friendships, opposite-sex friendships, various forms of companionship), only one such relationship is deemed a "marriage" and privileged accordingly: A relationship between **one**

**man and one woman**, of a **legal age** (*see* Ala. Code § 30-1-3), who are **not closely biologically related** (*see* Ala. Code § 13A-13-3), who jointly desire a relationship **the bonds of which are not easily broken** (*see* Ala. Code § 30-2-1, requiring judicial action for a divorce), with expectations of **sexual exclusivity** (*see* Ala. Code § 30-2-1(a)(2), providing that adultery is a ground for divorce) and **mutual support** (*see* Ala. Code § 30-2-1(a)(3), (12), providing for abandonment as a ground for divorce), and a **commitment to care for any children** who are born of their union (*see* Ala. Code § 13A-13-5, criminalizing abandonment; *see also, e.g. Ex parte E.R.G.*, 73 So. 3d 634, 642-44 (2011) (recognizing a common-law fundament right of parents to direct the upbringing of their children)).

2. Alabama did not invent marriage. Marriage has an ancient origin and has been observed in virtually all cultures, at all times, throughout the world. (Ex. A, Girgis Declaration at pp. 3-6).

3. Before 1998, Alabama statutes did not expressly provide a sex-specific definition of marriage, but not because same-sex unions were previously eligible for recognition. It was understood that marriage was, by definition, an opposite-sex union as it has always been from the beginning of Anglo-American common law. In 1983, then-Attorney General Charles Graddick issued an opinion providing that it was not possible for two persons of the same sex to form a civil marriage in Alabama, even though the positive law as written did not expressly forbid it. (Ex. B, Attorney General Opinion No. 83-206).

4. In 1998, the Alabama Legislature enacted Ala. Code § 30-1-19[1] and codified what the law already assumed, that marriage by definition and by its nature involves two people of the opposite sex.

---

[1] "(a) This section shall be known and may be cited as the 'Alabama Marriage Protection Act.'

5. In 2006, the people of Alabama, by an 82% majority, adopted an amendment to the Alabama Constitution and enshrined Alabama's understanding of marriage into its charter as Ala. Const. (1901) Art. I, § 36.03[2]. (Ex. C, voting results for §36.03).

6. Plaintiff Paul Hard and David Fancher, both male, were issued a marriage license in 2011 from the Commonwealth of Massachusetts. (Doc. 1 ¶ 21).

7. David Fancher was killed in an automobile accident in August, 2011. (Doc. 1, ¶3).

---

(b) Marriage is inherently a unique relationship between a man and a woman. As a matter of public policy, this state has a special interest in encouraging, supporting, and protecting the unique relationship in order to promote, among other goals, the stability and welfare of society and its children. A marriage contracted between individuals of the same sex is invalid in this state.

(c) Marriage is a sacred covenant, solemnized between a man and a woman, which, when the legal capacity and consent of both parties is present, establishes their relationship as husband and wife, and which is recognized by the state as a civil contract.

(d) No marriage license shall be issued in the State of Alabama to parties of the same sex.

(e) The State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the law of any jurisdiction regardless of whether a marriage license was issued."

Ala. Code § 30-1-19.

[2] "(a) This amendment shall be known and may be cited as the Sanctity of Marriage Amendment.

(b) Marriage is inherently a unique relationship between a man and a woman. As a matter of public policy, this state has a special interest in encouraging, supporting, and protecting this unique relationship in order to promote, among other goals, the stability and welfare of society and its children. A marriage contracted between individuals of the same sex is invalid in this state.

(c) Marriage is a sacred covenant, solemnized between a man and a woman, which, when the legal capacity and consent of both parties is present, establishes their relationship as husband and wife, and which is recognized by the state as a civil contract.

(d) No marriage license shall be issued in the State of Alabama to parties of the same sex.

(e) The State of Alabama shall not recognize as valid any marriage of parties of the same sex that occurred or was alleged to have occurred as a result of the law of any jurisdiction regardless of whether a marriage license was issued.

(f) The State of Alabama shall not recognize as valid any common law marriage of parties of the same sex.

(g) A union replicating marriage of or between persons of the same sex in the State of Alabama or in any other jurisdiction shall be considered and treated in all respects as having no legal force or effect in this state and shall not be recognized by this state as a marriage or other union replicating marriage."

Ala. Const. (1901) Art. I, § 36.03.

8.     Under Alabama law, Hard and Fancher were not legally married. Ala. Code § 30-1-19; Ala. Const. (1901) Art. I, § 36.03; 28 U.S.C. § 1738C[3].

9.     The administrator of Fancher's estate filed a wrongful death action related to the accident.  (Doc. 1, ¶4).

10.    Alabama's wrongful-death law provides that proceeds from a wrongful death suit are distributed under the laws of intestate succession. (Doc. 1, ¶ 35; Ala. Code § 6-5-410). Plaintiff Hard may not recover from the wrongful death suits under such laws; however, intervenor Louise Fancher, David Fancher's mother, would recover. (Doc.1; Doc. 26).

## Conclusion and Prayer for Relief

For reasons stated herein and in Defendants' Memorandum of Law, Plaintiff's claims under the Due Process Clause and the Equal Protection Clause fail as a matter of law. Defendants therefore respectfully request that this Court enter a judgment in their favor and against the Plaintiff.

---

[3] "No State … shall be required to give effect to any public act, record, or judicial proceeding of any other State … respecting a relationship between persons of the same sex that is treated as a marriage under the laws of such other State …, or a right or claim arising from such relationship." 28 U.S.C. § 1738C.

Respectfully submitted,

LUTHER STRANGE
   *Attorney General*

s/ James W. Davis
James W. Davis (ASB-4063-I58J)
Laura E. Howell (ASB-0551-A41H)
   *Assistant Attorneys General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
(334) 353-8440 (fax)
jimdavis@ago.state.al.us
lhowell@ago.state.al.us

**Attorneys for Alabama Governor Robert Bentley and Alabama Attorney General Luther Strange**

**OF COUNSEL:**

David B. Byrne, Jr. (ASB-0354-R69D)
*Chief Legal Advisor*
OFFICE OF THE GOVERNOR
Alabama State Capitol
600 Dexter Avenue, Ste. NB-05
Montgomery, Alabama 36130
(334) 242-7120
david.byrne@governor.alabama.gov

**Additional Counsel for Governor Robert Bentley**

## CERTIFICATE OF SERVICE

I certify that on October 1, 2014, I electronically filed the foregoing document using the Court's CM/ECF system which will send notification of such filing to the following persons:

Gabriel J. Smith
FOUNDATION FOR MORAL LAW
1 Dexter Avenue
P.O. Box 4086
Montgomery, AL 36103
Telephone: 334.262.1245
gabriel.joseph.smith@gmail.com

David C. Dinielli
Samuel E. Wolfe
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Telephone: 334.956.8277
david.dinielli@splcenter.org
sam.wolfe@splcenter.org

s/James W. Davis
Counsel for the Defendants