IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL HARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-cv-922-WKW |
| ) | |
| ROBERT BENTLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# DEFENDANT FANCHER'S *SUR-REPLY*
# IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT
# (DOC. 65), AND IN OPPOSITION TO THE PLAINTIFF'S
# MOTION FOR SUMMARY JUDGMENT (DOC. 59)

Respectfully Submitted,

/s/ Gabriel J. Smith
Gabriel J. Smith (SMI337)
Foundation for Moral Law
Attorney for Pat Fancher
Telephone: (334) 262-1245
Fax: (334) 262-1708
1 Dexter Avenue
Montgomery, AL 36104
gabrieljoseph.smith@gmail.com

October 29, 2014

TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii

1. Plaintiff ignores the majority of Defendant Fancher's arguments, summing them up as a reference to tradition and moral teachings; seeming to assert that such matters cannot suffice as a rational basis to qualify for a legitimate governmental interest. ...................... 2

2. Plaintiff failed to address the language of Windsor that expressly limits its holding by leaving the issue of redefining marriage to the states.. ....................................................... 3

Certificate of Service ................................................................................................................ 5

## T<small>ABLE OF</small> A<small>UTHORITIES</small>

*Baskin v. Bogin*, 766 F.3d 648, 666 (7th Cir. 2014), *cert. denied*, 83 U.S.L.W. 3127 (U.S. Oct. 6, 2014)(No. 14-277) ..................................................................................................................2

*United States v. Windsor*, 123 S. Ct. 2675 (2013) ....................................................................3, 4

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL HARD, )  )  Plaintiff, )  )  v. )  )  ROBERT BENTLEY, *et al.*, )  )  Defendants. ) | CASE NO. 2:13-cv-922-WKW |

**DEFENDANT FANCHER'S *SUR-REPLY*
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT (DOC. 65)
AND IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 59)**

Defendant Fancher respectfully submits this sur-reply brief in support of her initial Motion for Summary Judgment (doc. 65) and does so in opposition to the Plaintiff's sur-reply brief filed before this court on October 21, 2014 (Doc 67). For the reasons stated below, there is no genuine dispute of material fact and Defendants are entitled to a judgment as a matter of law. Plaintiff's motion is due to be denied and Defendant Fancher's motion is due to be granted.

In support of this motion, Defendant Fancher joins with, incorporates, and relies on the Sur-Reply and memorandum of law filed by Alabama Governor Robert Bentley and Alabama Attorney General Luther Strange on this day, October 29, 2014. Defendant Fancher, also asserts the arguments made below.

1

1. **Plaintiff ignores the majority of Defendant Fancher's argument, summing it up as a reference to tradition and moral teachings; seeming to assert that such matters cannot suffice as a rational basis to qualify for a legitimate governmental interest.**

Plaintiff states on page 23 of his reply brief, filed October 21, 2014 (Doc 67), that Defendant Fancher "seeks to justify the Sanctity Laws by reference to tradition and moral teachings – including those found in the Bible." It can only be assumed that Plaintiff is referring to pages 6-19 of Defendant Fancher's initial Motion for Summary Judgment (Doc. 65). In those pages the history and tradition of marriage for the last six thousand years was detailed through citations collected from the United States Supreme Court, other courts of appeal, multiple citations from binding Alabama Supreme Court precedent, and a variety of revered historical texts and treatises. In response to that wealth of evidence and information Plaintiff offers a snippet from a 7th Circuit opinion filed earlier this year claiming that "tradition *per se* therefore cannot be a lawful ground for discrimination – regardless of the age of the tradition." *Baskin v. Bogin*, 766 F.3d 648, 666 (7th Cir. 2014), *cert. denied*, 83 U.S.L.W. 3127 (U.S. Oct. 6, 2014)(No. 14-277). Being that this is the only response offered to our "tradition" and "moral" evidence we must assume that Plaintiff is asserting that the millennia's old definition and tradition of marriage is a discriminatory and archaic practice that must give way to the brave new world of "marriage equality."

To be clear, Defendant Fancher does not argue tradition alone. In fact, the running theme of her argument has been this: any move to redefine the ancient tradition of marriage is best left to the democratic process for the simple reason that redefining marriage is not a power granted to the courts of this nation or found in the Constitution of the United States. However, every legislative body and every court looks to the traditional definition of words when penning laws

and precedents.  This is of import to realizing that Plaintiff's argument is one of bait and switch. Plaintiff holds up the revered institution of marriage in all of its honor and glory and simply states, without grounds, that members of the same sex should be allowed to define their relationship as a "marriage."  This redefining of marriage must have some sort of reasoning, some sort of articulable grounds.  We are given none other than this: people involved in a loving relationship should be allowed to call that relationship a marriage and have every benefit and recognition that the historical definition of marriage has always entailed.  Plaintiff argues that any state, namely Alabama, defining marriage in the traditional sense of the word is discriminating against individuals who wish to marry.  This is alleged to be a violation of the Equal Protection clause by discriminating on the basis of sexual orientation and sex.  However, this is not true for any individual seeking marriage in Alabama or the United State of America at this time.  Any individual who wishes to marry may marry a member of the opposite sex. Meaning this, every man is permitted to marry a woman and every woman is permitted to marry a man.  No individual is prevented from being married.  Marriage has never been defined as anything other than a covenantal solemnization of a conjugal relationship between man and woman.  History, tradition, and natural law are the only sources into which we can peer for a definition of marriage.  If Plaintiff wishes to see the institution of marriage challenged and altered he is given the same opportunity as every other Alabama citizen to follow the democratic process and alter state law through the appropriate legal and democratic channels.

  **2. Plaintiff failed to address the language of Windsor that expressly limits its holding by leaving the issue of redefining marriage to the states.**

In *United States v. Windsor*, 133 S.Ct. 2675 (2013), the United States Supreme Court struck down section 3 of the federal Defense of Marriage Act (DOMA), declaring that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the

3

laws of the states, and not to the laws of the United States." *Windsor*, 2691 (quoting *In re Burris*, 136 U.S. 586, 593-94). This language from *Windsor* was included in Defendant Fancher's initial Motion for Summary Judgment (Doc 65). This language expressly states that the defining of marriage is expressly left to the states. Plaintiff quotes heavily from the *Windsor* opinion penned by a bare majority of five justices who, it appears, favor a redefining of marriage in the federal sector. There is no doubt that the *Windsor* majority had strong opinions on the proposal of same sex marriage as it pertained to DOMA and federal regulations. However, in all of their deference to same sex marriage advocates, the United States Supreme Court still saw fit to pen this language of limitation in their ruling, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Windsor* at 2691.

It is apparent that the *Windsor* majority would not go so far as to strip the states of their rights to decide for themselves what marriage is and what their laws will be regarding marriage. Whatever the opinion of the *Windsor* judges may have been as to federal law, they clearly stated that the whole subject of domestic relations belongs to the laws of the states. *Id.* Plaintiff will not acknowledge this language because doing so would require this Court to categorically deny the Plaintiff's motions and requested relief. Windsor is being asserted as the primary basis for the recent deluge of same-sex marriage suits around the nation. If the federal judiciary actually applied the above referenced text of the Windsor ruling it would eviscerate the legal grounds for every law suit pertaining to state laws defining marriage. *Windsor* is a move by the U.S. Supreme Court to strike down section 3 of DOMA; nothing more, nothing less. Other federal courts should recognize and limit *Windsor* to the boundaries of its clearly articulated holding and rationale.

4

## CONCLUSION

For the reasons stated above and those stated by incorporation of the co-defendants' Sur-Reply and memorandum of law filed by Alabama Governor Robert Bentley and Alabama Attorney General Luther Strange on this day, October 29, 2014 , there is no genuine dispute of material fact and Defendants are entitled to a judgment as a matter of law. The Plaintiff's motion for summary judgment is therefore due to be denied, and Defendants' motion is due to be granted.

>Respectfully Submitted,
>
>/s/ Gabriel J. Smith
>Gabriel J. Smith (SMI337)
>Foundation for Moral Law
>Attorney for Pat Fancher
>Telephone: (334) 262-1245
>Fax: (334) 262-1708
>1 Dexter Avenue
>Montgomery, AL 36104
>gabrieljoseph.smith@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, October 29, 2014, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United State Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

**SOUTHERN POVERTY LAW CENTER**
David C. Dinielli
Samuel E. Wolfe
Attorneys for Plaintiff
400 Washington Avenue
Montgomery, AL 36104
David.dinielli@splcenter.org
Sam.wolfe@splcenter.org

**TYRONE C. MEANS, Of Counsel**
Means Gills Law, LLC
60 Commerce Street, Suite 200
P.O. Box 5058
Montgomery, Alabama 36103

**OFFICE OF THE ATTORNEY GENERAL**
James W. Davis (ASB-4063-I58J)
Laura E. Howell (ASB-0551-A41H)
Assistant Attorneys General
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8440
jimdavis@ago.state.al.us
lhowell@ago.state.al.us
Attorneys for the State Defendants,
Governor Robert Bentley and
Attorney General Luther Strange

**ADDITIONAL COUNSEL FOR GOVERNOR ROBERT BENTLEY**
David B. Byrne, Jr. (ASB-0354-R69D)
Chief Legal Advisor
Office of the Governor
Alabama State Capitol
600 Dexter Avenue, Suite NB-05
Montgomery, Alabama 36130
Telephone: (334) 242-7120
David.Byrne@governor.alabama.gov

Respectfully Submitted,

/s/ Gabriel J. Smith
Gabriel J. Smith (SMI337)
Foundation for Moral Law
Attorney for Pat Fancher
Telephone: (334) 262-1245
Fax: (334) 262-1708
1 Dexter Avenue
Montgomery, AL 36104
gabrieljoseph.smith@gmail.com