**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **PAUL HARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **Civil Action No.: 2:13-CV-922-WKW-SRW** |
| | ) | |
| **ROBERT BENTLEY, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | **Intervening Defendant's Motion to Set** |
| | ) | **Aside Order of Dismissal and** |
| | ) | **Renewed Prayer for Relief** |
| | ) | |
| | ) | |

## Intervening Defendant's Motion to Set Aside Order of Dismissal

## and Her Renewed Prayer for Relief

Comes now Intervening Defendant, Ms. Pat Fancher, in response to recent activity in the above styled action.  In light of the following, Intervening Defendant Fancher moves this Court to reconsider and if necessary set aside its July 14th order and grant the relief lawfully afforded to her at the time of her son's death and at the commencement of this suit.

The *Obergefell v. Hodges* decision of the U.S. Supreme Court is a most unusual decision. But even if we were to concede the binding effect of the *Obergefell* decision, Plaintiff is not entitled to the relief he seeks for a very important reason:  The key question is whether *Obergefell* is retroactive.  The issue is not whether same-sex marriage is legal in Alabama today. The issue is whether same-sex marriage was legal in Alabama on the day David Fancher died, because whatever legal relationship Paul Hard and David Fancher enjoyed, ended the day David Fancher died.  If Alabama law did not recognize their relationship as a marriage on the day

David Fancher died, then Paul Hard was not a spouse and is not a surviving spouse -- unless *Obergefell* is given retroactive effect. That is the key issue, and neither *Obergefell* nor any of Plaintiff's pleadings in this case address the issue of retroactivity. This Court cannot properly address the distribution of Fancher's estate until the issue of retroactivity has been decided.

Defendant Pat Fancher contends that *Obergefell* should not be given retroactive effect in Alabama, and in support of that contention Defendant argues the following:

(I)   *Obergefell v. Hodges* is readily distinguishable from the case now before the Middle District and nothing in *Obergefell* says or even suggests that the case is to be given retroactive effect.

(II)  This Court is not being asked by Plaintiff Hard to recognize Dr. Hard's right to marry a member of the same sex after *Obergefell*; rather, Plaintiff is asking this Court to pretend facts and decide a case which is not before the Court.

(III)  The pervasive public policy concerns which are presented in this case justify denying Plaintiff's relief.

(IV)  Plaintiff's amended death certificate recognizing a May 2011 Massachusetts same-gender marriage is invalid.

I.  **_Obergefell v. Hodges_ is readily distinguishable from the case now before the Middle District.**

*Obergefell v. Hodges* is readily distinguishable from the case now before the Middle District. The plain fact is, when David Fancher died on August 1, 2011 Alabama's Sanctity of Marriage Amendment was in full force and effect, having been approved by 81% of Alabama voters in

2006.[1]  Furthermore, under Alabama law, wrongful death funds are distributed to the decedent's

heirs in accordance with Alabama's intestacy *statute of distributions* which states, "[i]f there is

no surviving issue, to his parent…," Intervening Defendant, Ms. Pat Fancher.[2]  Moreover, the

Alabama Supreme Court has held, "[t]he laws of intestate succession in effect at the date of

decedent's death control the descent of real property." *Stallworth v. Hicks*, 434 So. 229 (Ala.

1983).[3]  Thus, under Alabama law in effect at the time of David Fancher's death, he and Paul

Hard were not married and Paul Hard is therefore not a surviving spouse.

As Plaintiff admitted in his *Factual Background* of his Complaint and reaffirmed in his

*Undisputed Facts*, Dr. Paul Hard's purported marriage to Mr. David Fancher took place outside

of the State of Alabama years before the U.S. Supreme Court would set about to create a right to

homosexual marriage.[4]  Justice Kennedy writing for the majority in *Obergefell v. Hodges*

suggests that States should recognize the legal actions of foreign states by and through the

Constitution's full faith and credit clause; a holding which the Court then applied to same-sex

marriage.[5]  Notwithstanding that this overturns centuries of U.S. Supreme Court precedent,

Intervening Defendant believes it does little to help Plaintiff Hard's action today.[6]  Nowhere in

---

[1] See Ala. Const. Art. I, § 36.03(e) (2005); see also 2006 special referendum statistics, Alabama Amendment 774, (available at:
http://uselectionatlas.org/RESULTS/state.php?year=2006&off=50&elect=7&fips=1&f=0).
[2] See Ala. Code § 6-5-410
[3] Intervening Defendant has found no opinion in this jurisdiction which suggests that personal property should be treated differently and does indeed believe that the controlling law of inheritance at the time of David Fancher's death should be applied here to grant the Fancher family the relief it has requested of this Court.
[4] Pl.'s Complaint at 6, ECF Doc. 1; Pl.'s Opp'n to Defs. Mot. for Summ. J., at 6, 10, ECF Doc 67.
[5] *Obergefell v. Hodges* 576 U. S. ___ 28 (2015)).
[6] See *Murphy v. Ramsey*, 114 U.S. 15, 45 (1885); *United States v. Bitty*, 208 U.S. 393, 401 (1908) (Supreme Court holding that marriage is, "the union for life of one man and one woman in the holy estate of matrimony; the sure foundation of all that is stable and noble in our civilization;

the Court's 2015 *Obergefell* decision does one find an intent that the opinion should apply retroactively to revive marriages, which were illegal at the time that they were formed.

**II.    This Court is not being asked by Plaintiff Hard to recognize Dr. Hard's right to marry a member of the same sex after Obergefell; rather, Plaintiff is asking this Court to pretend facts and decide a case which is not before the Court.**

In 2013 the United States Supreme Court recognized that "[b]y history and tradition the definition and regulation of marriage has been treated as being within the authority and realm of the separate States." *Windsor*, at 2680.  Further, the Court wrote, "[R]egulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States." (*Id*.)  Accordingly, the Alabama Supreme Court should decide whether *Obergefell* should be given retroactive effect in Alabama, and this Court should certify this question to the Alabama Supreme Court.

More than two years after the purported marriage between Hard and Fancher and more than two years after Fancher's death that same year, 2011, the U.S. Supreme Court refused to apply Full Faith and Credit to require sister States to recognize the same-sex marriages of one another.[7] Conversely the Supreme Court opined the opposite, explaining that States were entirely justified in not recognizing same-sex marriages officiated in foreign states.  See *United States v. Windsor*, 133 S.Ct. 2675, 2691 (2013).  Specifically the United States Supreme Court stated:

> The recognition of civil marriages is central to state domestic relations law applicable
> to its residents and citizens. See *Williams v. North Carolina*, 317 U.S. 287, 298, 63 S.Ct.

the best guaranty of that reverent morality which is the source of all beneficent progress in social and political improvement").

[7] *United States v. Windsor*, 133 S.Ct. 2675, 2691 (2013).

207, 87 L.Ed. 279 (1942) ("**Each state as a sovereign has a rightful and legitimate concern in the marital status of persons domiciled within its borders**"). **The definition of marriage is the foundation of the State's broader authority to regulate the subject of domestic relations** with respect to the "[p]rotection of offspring, property interests, and the enforcement of marital responsibilities." Ibid. "[T]he states, at the time of the adoption of the Constitution, possessed full power over the subject of marriage and divorce ... **[and] the Constitution delegated no authority to the Government of the United States on the subject of marriage and divorce**." *Haddock v. Haddock*, 201 U.S. 562, 575, 26 S.Ct. 525, 50 L.Ed. 867 (1906); see also *In re Burrus*, 136 U.S. 586, 593–594, 10 S.Ct. 850, 34 L.Ed. 500 (1890) ("**The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States**").

*Windsor*, at 2691(emphasis added).

The Plaintiff apparently agreed initially with *Windsor* because he did "not assert a claim under the Full Faith and Credit Clause."[8]  Instead, Plaintiff claimed that Alabama's Sanctity Laws 'infringe[d] his fundamental interest in remaining married . . . under the Due Process Clause."[9]  However, Plaintiff now endeavors to use *Obergefell* to support a claim that the Middle District should construe the Constitution's Full Faith and Credit Clause to revive his same-sex Massachusetts marriage from four years ago.[10]

While the full weight of confusion from the *Obergefell* decision is still unknown, what is clear is that four years ago Alabama did not recognize the foreign same-sex marriage of Dr. Hard and David Fancher.[11]  Even two years after Fancher's death, 2013, the United States Supreme Court confirmed that the State of Alabama need not recognize the Hard-Fancher Massachusetts marriage.[12]  Only in June of 2015 did the Supreme Court depart from the entirety of Court precedent and centuries of United States history and tradition in re-defining marriage.[13]

---

[8] Pl.'s Opp'n to Defs. Mot. for Summ. J., at at 16, n. 7, ECF Doc 67.

[9] Pl.'s Opp'n to Defs. Mot. for Summ. J., at at 16, n. 7, ECF Doc 67.

[10] Pl.'s Mot. to Lift Stay, at 2, pt. 9, ECF Doc 79.

[11] See Ala. Const. Art. I, § 36.03(e) (2005).

[12] See *Windsor* at 2680 (United States Supreme Court recognizing that, "By history and tradition the definition and regulation of marriage has been treated as being within the authority and realm

After expounding on the history of marriage, a history which the Court admits is adverse to same-sex marriage, the Court suggests that the Fourteenth Amendment permits same-gender couples to begin to enter into the ancient institution.[14]   Specifically the majority in *Obergefell v. Hodges* held, "[T]he Court **now** holds that same-sex couples may exercise the fundamental right to marry."[15]   Without more, *Obergefell* does not reach back in time and render Plaintiff Hard the relief he requests.

III.    **The pervasive public policy concerns that are presented in this case justify denying Plaintiff's relief.**

The mother of David Fancher reiterates, as expressed above, that Alabama and Federal law as of the time of David's death control the outcome of this case.  Yet even if she were to concede that *Obergefell* can be construed to apply to the unique facts set forth by this case, *Obergefell* presents novel public policy concerns which justify the Middle District in finding for Ms. Fancher.

"[A] judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   Moreover, as the U.S. Supreme Court recognized, "as courts apply 'retroactively' a new rule of law to pending cases, they will find instances where that new

---

of the separate States."  And that, "[R]egulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States").

[13] See generally *Obergefell*, 576 U. S. ____ (2015).

[14] *Id*. at 3; 11-12 (Supreme Court acknowledging, "[i]t cannot be denied that this Court's cases describing the right to marry presumed a relationship involving opposite-sex partners"); 27.

[15] *Id.* at 23 (emphasis added).

rule…does not determine the outcome of the case."[16]  This, the Supreme Court held, is especially true when the new rule of law runs against well-settled areas of law. (*Id.*)  Indeed, there is probably no institution more ancient and established than that of marriage and if ever there were a basis for a court to deny a retrospective remedy it would be when the remedy requested requires the court to overlook the dependence a defendant had upon the surety of marriage as an established principle.  Pat Fancher is such a defendant, who, after losing her son to tragedy, surely and honestly relied upon her State and Federal government to respect an institution which preceded them both.

Under *Hyde* a litigant may present "special circumstances" that serve as a justification against retroactive application of new rules of law.  514 U.S. 749 at 759.  For that reason Justice Kennedy opined, "[w]e do not read today's opinion to surrender in advance our authority to decide that in some exceptional cases, courts may shape relief in light of disruption of important reliance interests or the unfairness caused by unexpected judicial decisions."[17]  Intervening Defendant believes the *Obergefell* decision upon which Plaintiff bases his request for judgment presents the mother of the deceased with exactly the kind of manifest unfairness that Justice Kennedy and Supreme Court have reasoned to be a justifiable exception to retrospective applicability of new law.

Among the "special circumstances" a court may consider in determining retroactivity, the court may look to the disruption retroactivity might cause.  If *Obergefell v. Hodges* were applied retroactively, estates that had been thought settled long ago might have to be re-opened, insurance proceeds paid to survivors would have to be retracted and paid to others who are now

---

[16] See *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758-59 (U.S. Supreme Court outlining a basis for which courts might reasonably depart from the general rule of retroactivity in *Harper* and decline a remedy which would require retroactivity which upset public policy).
[17] See *Hyde* 514 U.S. 749 at 761 (Kennedy, J. concurring).

considered surviving spouses.  Deeds, conveyances, and official documents long thought final would have to be re-visited.

How many people would be affected by a ruling of retroactivity?  Many more than one might think at first, because Alabama recognizes common-law marriage.  Holding that same-sex couples have the same right to marry as opposite-sex couples, *Obergefell* could be interpreted to mean that same-sex couples have the same right as opposite-sex couples to form common-law marriages.

One need not have a strong imagination to understand this concern.  And because Alabama recognizes common-law marriages, the reasons for not applying *Obergefell* retroactively might be stronger in Alabama than in other states.  Accordingly, this Court should consider certifying the question of *Obergefell's* retroactivity to the Alabama Supreme Court.

**IV.   Plaintiff's amended death certificate recognizing a May 2011 Massachusetts same-gender marriage is invalid.**

Plaintiff's *Motion to Lift Stay, Enter Summary Judgment, And Distribute Funds to Plaintiff* asks the Middle District of Alabama to recognize an invalid State Document.[18]  The amended death certificate naming Paul Hard as the spouse of David Fancher has no legal legitimacy.[19] Plaintiff submitted to this Court an Alabama death certificate, dated February 9, 2015, wrongfully issued by Alabama's State Registrar of Vital Statistics which did not have the authority to recognize the 2011 Paul-Fancher marriage.[20]  Just days after the certificate was

---

[18] Pl.'s Mot. to Lift Stay, at 2, pt. 7, ECF Doc 79.
[19] *In re: Alan L., et al.*, ___ Ala. 133 (2015).
[20] See *In re: Alan L., et al.*, ___ Ala. 133 (2015).

issued the Alabama Supreme Court clarified what Alabama marriage law was.[21]   Therefore,

Plaintiff's amended death certificate is not valid.


### CONCLUSION AND PRAYER FOR RELIEF

This Court is not being asked by Plaintiff Hard to recognize his right to marry a member of

the same gender after *Obergefell*; rather, Plaintiff is asking this Court to pretend facts, including

an invalid amended death certificate, and decide a case which is not before the Court.  *Obergefell*

*v. Hodges* stands to suggest that the Fourteenth Amendment to the Constitution *now* grants

American citizens the right to marry a member of the same gender.  If that decision is given

retroactive effect, the result could be very disruptive.  Closed estates would have to be re-opened,

death benefits would have to be recalculated, insurance proceeds would have to be collected

from some and repaid to others.

Never mind the questionable nature of the *Obergefell v. Hodges* opinion, that case does not

demand of the Middle District that Paul Hard's then-illegal marriage to David Fancher be

revived and solemnized.  Taking into consideration *Windsor* and *Obergefell* together, the most

that Plaintiff should be afforded is a prospective Due Process same-sex marriage right

established in June of 2015 which could allow Plaintiff Hard the legal ability to marry a member

of the same gender beginning in late July 2015, when the decision is final.[22]

---

[21] See *In re: Alan L.*, at 133 (2015) (ordering compliance by probate officials, " 'by any and all
lawful means available to [them]' [to] ensure compliance with Alabama [sanctity of marriage]
law").

[22] See *Windsor* at 2680 ("[R]egulation of domestic relations is an area that has long been
regarded as a virtually exclusive province of the States"); see also *Obergefell*, 576 U.S. ___ at 9
(Supreme Court confirming *Windsor's* bid for State authority in marriage explaining, "Two
Terms ago, in United States v. Windsor, 570 U. S. ___ (2013), this Court invalidated DOMA to
the extent [DOMA] barred the Federal Government from treating same-sex marriages as valid
even when they were lawful in the State where they were licensed").

In sum Plaintiff is asking this Court to apply the case law of 2015 to the facts and circumstances of 2011, imposing an Alabama union where there was none and rendering unfathomable harm to the Fancher family.

WHEREFORE Intervening Defendant requests that this Court (1) reconsider its July 14th order pertaining to whether the action has become moot, (2) deny Plaintiff's motion for summary judgment, (3) grant Intervening Defendant's motion for summary judgment filed, (4) invalidate any death certificate issued by the State Registrar of Vital Statistics that names Paul Hard as David Fancher's surviving spouse, and (5) direct the executor of David Fancher's estate to release the remaining assets of the estate to David Fancher's lawful heir, his mother Patricia Fancher.

Intervening Defendant further requests that this Court either (1) rule that *Obergefell* does not apply retroactively as to *Hard v. Strange*, or (2) certify the question of *Obergefell's* retroactive application to the Alabama Supreme Court.

Most respectfully submitted on this 15th day of July, 2015.

/s/ Matthew Kidd
Attorney No.  4957-H61D
kidd.matthew@gmail.com
Foundation for Moral Law
1 Dexter Avenue
Montgomery, AL 36104
(334) 262-1245
(334) 262-1708

## CERTIFICATE OF SERVICE

I hereby certify that in accordance with Local Rules 5.3 and 5.4 I electronically filed the

foregoing motion with the Clerk of the Court using the CM/ECF system by which copies of said

motion are served upon each party registered in the case, including Plaintiff's counsel:


David C. Dinielli, Esq. & Samuel Wolfe, Esq.

400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Facsimile: (334) 856-8481
david.dinielli@splcenter.org
sam.wolfe@splcenter.org

This 15th day of July 2015.

Respectfully submitted,


/s/ Matthew Kidd
Attorney No.  4957-H61D
kidd.matthew@gmail.com
Foundation for Moral Law
1 Dexter Avenue
Montgomery, AL 36104
(334) 262-1245
(334) 262-1708