IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL HARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-922-WKW |
| ) | [WO] |
| LUTHER STRANGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANUDUM OPINION AND ORDER**

Before the court is Intervening Defendant/Appellant Pat Fancher's Request for Injunction, Restraining Order, Equitable Relief, or Extraordinary Relief Pending Appeal. (Doc. # 99.) Pursuant to the court's August 28, 2015 Order (Doc. # 103), Plaintiff Paul Hard and Defendant Luther Strange filed responses to the request (Docs. # 105, 106). Ms. Fancher then filed a reply. (Doc. # 107.)

Ms. Fancher requests several forms of relief, but her request is due to be denied in full. First, Rule 8 of the Federal Rules of Appellate Procedure provides no basis for the requested relief. Second, a stay pending appeal is inappropriate under the circumstances. Third, Ms. Fancher is not entitled to a supersedeas bond. Fourth, there is no justification for issuing an order requiring Dr. Hard to place the funds in escrow pending appeal. Fifth, this court is without jurisdiction to issue other relief.

Rule 8 of the Federal Rules of Appellate Procedure is not an appropriate basis for the relief Ms. Fancher requests. Rule 8 does direct an appellant, when moving for a stay, to first make a motion for relief in the district court. Fed. R. App. P. 8(a)(1). But when the Federal Rules of Appellate Procedure direct a party to file a motion in the district court, the movant must comply with district court procedures. Fed. R. App. P. 1(a)(2). As Dr. Hard noted in his response, Rule 62 of the Federal Rules of Civil Procedure is the proper authority under which the district court may grant the requested relief.

Neither is Ms. Fancher entitled to a stay pending the outcome of this appeal. She seeks a stay of the order disbursing the settlement funds to Dr. Hard. (*See* Doc. # 89 (granting the motion to disburse the funds); Doc. # 96 (directing that the funds be disbursed to Dr. Hard.)) This is not the sort of stay contemplated by Rule 62(c), which only allows for the stay of an order that grants, dissolves, or denies an injunction. Fed. R. Civ. P. 62(c). The order disbursing the funds was not injunctive in nature.

Even if this order was eligible for a Rule 62(c) stay, Ms. Fancher has not carried her burden of showing that the relief is appropriate. A stay under Rule 62(c) is an extraordinary remedy that should only be granted where the movant can show (1) that she is likely to succeed on the merits, (2) that she will suffer

irreparable injury absent the stay, (3) that the stay will not substantially injure the other parties to the proceeding, and (4) that the stay will serve the public interest. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).  As to the first factor, which has been characterized as the "most important," *id.*, Ms. Fancher fails to make a sufficient showing.  In support of her contention that she is likely to succeed on appeal, Ms. Fancher argues that the *Obergefell* decision does not control in this instance because it is not retroactive.[1]  Her position ignores the fact there is no live controversy in this case.  The action was properly dismissed, and the funds were disbursed in accordance with law.  Since Ms. Fancher has failed to show that she is likely to succeed on the merits of her appeal, her application for a stay will be denied.

An order requiring Dr. Hard to post a supersedeas bond would also be inappropriate.  Ms. Fancher requests such an order "to ensure that the funds in question will be intact for repayment" in the event she is successful on appeal. (Doc. # 99, at 2.)  The purpose of a supersedeas bond is to protect the rights of the appellee, not the appellant.  *See United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011).  Even accounting for the unconventional posture of

---

[1] In her reply, Ms. Fancher represents that this court has not yet addressed the merits of her retroactivity argument.  (Doc. # 107, at 4.)  In fact, this was the principal theory upon which she argued her motion to set aside the order of dismissal in this case.  (See Doc. # 90, at 1 ("The key question is whether *Obergefell* is retroactive.").)  The court denied that motion after considering extensive briefing on the retroactivity issue.

this appeal, there is no justification for requiring Dr. Hard to post a bond in this case. To avail herself of a stay under Rule 62(d), Ms. Fancher, as the appellant, would be required to post a bond. Fed. R. Civ. P. 62(d). The rule does not authorize a supersedeas bond in the manner Ms. Fancher suggests.

Nor is Ms. Fancher entitled to an injunction requiring Dr. Hard to "place the funds in question in an escrow account" pending the outcome of her appeal. (*See* Doc. # 99, at 2.) To the extent this request can be construed as an application for an order staying or modifying injunctive relief under Rule 62(c), it is without merit for the reasons stated in Part II.B, *supra*. This request is due to be denied.

Finally, no other "equitable relief or extraordinary relief" is available to Ms. Fancher at this juncture. (See Doc. # 99, at 2.) Her filing of the Notice of Appeal (Doc. # 36) divested this court of jurisdiction over the case. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) (setting out the purposes for which the district court retains jurisdiction after the notice of appeal is filed, none of which is applicable in this case). Even if this court had jurisdiction to issue the extraordinary relief she requested, Ms. Fancher has failed to show that she is entitled to it. *See* Part II.B, *supra*. Her request is therefore due to be denied.

Accordingly, it is ORDERED that the Request for Injunction, Restraining Order, Equitable Relief, or Extraordinary Relief Pending Appeal (Doc. # 99) is DENIED.

DONE this 17th day of November, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
